**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

**CRIMINAL ACTION NO. 05-52-DLB**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**


**VS.**                              **MEMORANDUM OPINION**


**EDWARD ARNOLD**                                                **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Defendant has filed objections to the Presentence Report (PSR) in this case.  One of the objections involves the probation officer's recommendation that he be classified as a career offender pursuant to the guidelines.  More particularly, Defendant argues that the conviction set forth in paragraph twenty-nine (29) of the PSR is not a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1).[1]  By way of this Memorandum Opinion, and pursuant to Rule 32(i)(3), Federal Rules of Criminal Procedure, the Court adjudicates that particular objection.

**Defendant's Objection**

While acknowledging that he pled guilty in Kentucky state court to violating K.R.S. § 508.025, Assault in the third degree, Defendant argues that "KRS is a legal fiction created by the legislature allegedly to protect police officers, detention facility employees, probation and parole officers, and other state employees who may encounter activity or behavior that

---

[1]  Defendant acknowledges that the conviction in paragraph twenty-eight of the PSR is a countable crime of violence for career offender purposes.

1

is slightly assaultive." In support of his objection, Defendant attaches the Kentucky Uniform Citation for the offense contained in paragraph 29 of his PSR. Defendant uses the citation to note that while there was an injury to the deputy jailer, there was no deadly weapon used during the assault. Defendant argues that –

> K.R.S. § 508.025 creates a legal fiction of felony assault for activity that is not even felonious. In other words, the assault that Mr. Arnold did on the jailer in Kenton County did not result in serious physical injury nor was it the result of use of a deadly weapon or dangerous instrument. To consider the conviction under 00-CR-254 as another assault for purposes of defining Edward Arnold as a career offender is not fair and improperly reflects the seriousness of his prior record.

**Discussion**

Pursuant to U.S.S.G. § 4B1.1:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Defendant does not dispute that the offense of conviction is a felony controlled substance offense committed after he attained the age of eighteen. He also concedes that he has one qualifying crime of violence for career offender purposes. *See* footnote One.

The Guidelines define a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) *has as an element the use, attempted use, or threatened use of physical force against the person of another*, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to*

2

*another.*  U.S.S.G. § 4B1.2(a) (emphasis added).

The application notes further clarify the definition:

For purposes of this guideline, offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or ... by its nature, presented a serious potential risk of physical injury to another.  U.S.S.G. § 4B1.2 (application note 1)

In examining Defendant's specific objection to classifying the conviction in paragraph 29 of the PSR as a crime of violence for career offender purposes, the Court initially notes that no court has previously decided whether a conviction for Assault in the third degree in violation of K.R.S. § 508.025, is a "crime of violence" under the Guidelines.  To examine this question, a "categorical approach" is used.  *See United States v. Harris,* 165 F.3d 1062, 1068 (6th Cir. 1999);  *see also United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir. 1995) (citing as analogous *Taylor v. United States,* 495 U.S. 575 (1990)).  Under this approach, the facts and circumstances underlying the defendant's felony conviction are generally of no consequence, and a court does no more than examine the definition of the crime provided by the state legislature.  *See Arnold,* 58 F.3d at 1121 ("[T]he categorical approach avoids the impracticability and unfairness of allowing a sentencing court to engage in a broad fact finding inquiry relating to a defendant's prior offenses.").  However, if the court is not convinced that the statutory formulation of the offense encompassed conduct that posed a serious potential of physical injury, it could examine the indictment for the specific conduct charged.  *Id.* at 1123.

In this case, the parties do not dispute that Defendant's conviction for Assault in the Third Degree is a felony offense. In fact, the PSR reflects that Defendant was sentenced to a five year term of imprisonment for the offense. *See* PSR at ¶ 29. Thus, the question turns on whether that offense includes the use, attempted use, or threatened use of physical force as a necessary element, or whether the offense involves a "serious potential risk of physical injury to another."

The statute in question, K.R.S. § 508.025, entitled, Assault in the third degree, provides, in relevant part:

(1)    A person is guilty of assault in the third degree when the actor:
    (a)    Recklessly, with a deadly weapon or dangerous instrument, or intentionally causes or attempts to cause physical injury to:
        (1)    A state, county, city, or federal peace officer; or
        (2)    An employee of a detention facility,

*****
    (b)    Being a person confined in a detention facility ... inflicts physical injury upon ... an employee of the facility.
(2)    Assault in the third degree is a Class D felony.

Consistent with the "categorical approach" established by the *Taylor* and *Arnold* decisions, and because an examination of the definition of the crime provided by the Kentucky state legislature leads the Court to conclude that assault in the third degree, under either 508.025(1)(a) or (b) has as an element the use of physical force against the person of another, or ... by its nature, presents a serious potential risk of physical injury to another, the Court need not explore the particular facts underlying the offense as suggested by Defendant.[2] As set forth in the statute itself, an assault in violation of K.R.S.

---

[2] Although the facts of the offense do indicate that the deputy jailer needed several stitches to treat the laceration in his head.

4

§ 508.025 necessarily entails the element of physical force used against the person of another.  The fact that the assault in paragraph 29 of the PSR may not have involved the use of a deadly weapon or dangerous instrument is of no consequence.

**<u>Conclusion</u>**

For all of these reasons, the Court concludes that Defendant's prior felony conviction for assault in the third degree in violation of K.R.S. § 508.025 constitutes a crime of violence under U.S.S.G. § 4B1.2.

This 20th day of January, 2006.

Signed By:

*<u>David L. Bunning</u>* $\mathcal{DB}$

**United States District Judge**

G:\DATA\ORDERS\CovCrim\2005\05-52-MOO Objection PSR.wpd